IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 4:00-67-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Dion James, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255 or in the alternative 28 U.S.C. § 2241. Defendant maintains he is entitled to relief based upon the Fourth Circuit's ruling in *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014). Defendant contends he is "[a]ctually [i]nnocent of the [r]ecidivism [o]ffense" based on a "non-qualifying predicate offense, "and therefore should not have been categorized as a career offender. Mot. at 1, 2, ECF No. 378.

### I. MOTION FOR RELIEF UNDER 28 U.S.C. § 2255

On October 27, 2004, Defendant filed a motion for relief in this court pursuant to 28 U.S.C. § 2255. On September 28, 2005, the court granted the Government's motion for summary judgment and dismissed Defendant's motion with prejudice. ECF No. 19.

The current motion is successive in nature. *See United States v. Hairston*, __ F.3d __, 2014 WL 2600057 (4th Cir. June 11, 2014) (motion is second or successive when the grounds for challenging the movant's sentence existed at the time he filed his first motion to vacate). This court is without jurisdiction to entertain Defendant's motion for relief under § 2255 as it is a second or successive motion for relief under § 2255. Defendant's failure to secure permission to file a second or successive motion in the appropriate court of appeals prior to the filing of the motion in the district court is fatal to the outcome of any action on the motion in this court. The Anti-Terrorism

1

and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), placed specific restrictions on second or successive motions under 28 U.S.C. § 2255. Prior to filing a second or successive motion under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also* Rule 9 of the Rules Governing 2255 Proceedings ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . ."). This he has not done.

Defendant's motion for relief under § 2255 is **dismissed** as this court is without jurisdiction to entertain it.

## II. PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

If this court construes Defendant's filing as a petition for relief under 28 U.S.C. § 2241, it fails in this court for two reasons. First, this court is not the correct court in which to file a § 2241 petition. "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. at 426, 447 (2004). Accordingly, as Defendant is currently confined at the Federal Medical Center in Butner, North Carolina, this court is not the proper jurisdiction in which to file a petition for relief under § 2241.

Second, a petition for relief under § 2241 does not meet the "savings clause" provided for in § 2255(e). Defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). It is only when " § 2255 proves inadequate or ineffective to test the legality of detention,"

that a federal prisoner may pursue habeas relief under § 2241. *See id.* (alteration and internal quotation marks omitted). Importantly, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because ... an individual is procedurally barred from filing a § 2255 motion." *Id.* at 1194 n.5.

> More specifically, § 2255 is inadequate and ineffective-and § 2241 may be utilized-when:
>
> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id.* at 333-34. "[A] federal prisoner is entitled to pursue a § 2241 motion only when he had no opportunity to utilize a § 2255 motion to take advantage of a change in the applicable law. If, conversely, the prisoner had an unobstructed procedural shot at filing a § 2255 motion to take advantage of such a change, a § 2241 motion is unavailable to him, and any otherwise unauthorized habeas motion must be dismissed for lack of jurisdiction." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). The Fourth Circuit has not "extended the reach of the savings clause to those petitioners challenging only their sentence." *United States v. Poole*, 531 F.3d 263, 267 n.7, 274 (4th Cir. 2008).[1] Accordingly, Defendant would not be entitled to relief under § 2241 in the Fourth Circuit.[2]

---

[1]In *Whiteside v. United States*, 748 F.3d 541, 547 n.4 (4th Cir. 2014), the panel noted that:

> We expressly do not decide whether the savings clause in § 2255(e) might justify relief from a *Simmons* sentencing error through the filing of a § 2241 petition. While we have not previously "extended the reach of the savings clause to those petitioners challenging only their sentence," *United States v. Poole*, 531 F.3d 263, 267 n.7, 274 (4th Cir. 2008), we note that the Eleventh Circuit recently permitted a federal inmate to use § 2255(e) to bring a § 2241 petition challenging the legality of his sentence. *Bryant v. Warden*, 738 F.3d 1253 (11th Cir. 2013).

[2]Even if Defendant's petition under § 2241 could proceed under the "savings clause" of § 2255(e), Defendant would have to show that his prior Florida conviction for second degree burglary of an unoccupied dwelling would not qualify as a predicate offense. The court takes no position on

3

Therefore, Defendant's petition for relief under § 2241 is dismissed.

### CERTIFICATE OF APPEALABILITY AS TO MOTION FOR RELIEF UNDER 28 U.S.C. § 2255[3]

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 30, 2014

---

any of Defendant's arguments in this regard except to note that Defendant's conviction and sentence had no relation to the Armed Career Criminal statutory penalty contained in 18 U.S.C. § 924(e).

[3]Title 28 U.S.C. § 2253 requires a certificate of appealability for appeals arising from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(A), (B). Accordingly, by its terms, a certificate of appealability is not required relating to a decision denying relief under § 2241 to a defendant confined pursuant to a federal conviction.