IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 4:00-0067 (CMC) |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Dion James, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) and USSC Amendment 782. ECF No. 398. Defendant argues that he is eligible for the two point guideline reduction in his sentence, despite his PreSentence Report ("PSR") showing that he was a career offender, because the court did not utilize the career offender guideline as a basis for the original sentence. *Id.* Because Defendant's guideline sentence was computed based on drug weight, according to Defendant, the career offender guideline cannot be used to enhance his sentence at this juncture, and he should be granted the two point reduction in sentence offered by Amendment 782. *Id.* A Sentence Reduction Report ("SRR") completed in September of 2015 concluded that Defendant was not eligible to receive the two point reduction because he was categorized as a career offender, and therefore Amendment 782 would not lower his guideline range, as the career offender guideline would become applicable if his drug weight was reduced. *See* ECF No. 393. In response Defendant asserts that he is no longer properly categorized as a career offender due to changes in the law since his sentencing, rendering one of his predicate offenses invalid for career offender purposes. ECF No. 398.

In its response to Defendant's motion, the Government argues that Amendment 782 does not lower Defendant's guideline range, and therefore he cannot receive the reduction. ECF No. 404. Regarding Defendant's argument that career offender status should not apply, the Government asserts that 18 U.S.C. § 3582 does not authorize the court to revisit Defendant's career offender status. *Id.*

Pursuant to § 3582, a district court may reduce a sentence "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Sentencing Guidelines note that a reduction "is not consistent with [the Commission's] policy statement and therefore is not authorized" by the statute if the amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B) (2011). Further, as recognized by the Fourth Circuit, proceedings under § 3582(c)(2) "do not constitute a full resentencing of the defendant." *U.S. v. Dunphy*, 551 F.3d 247, 251-52 (4th Cir. 2009) (reasoning that "§ 3582(c)(2) and U.S.S.G. § 1B1.10 are narrow provisions that allow a limited reduction of sentence by the amount specified in an amendment, while prohibiting a complete reevaluation.")

In this case, due to the application of the career offender guideline, Amendment 782 does not have the effect of lowering Defendant's applicable guideline range. Further, § 3582 does not authorize the court to revisit Defendant's career offender status.[1]

Therefore, Defendant's motion for sentence reduction under Amendment 782 is **denied**.

---

[1] Defendant may seek to challenge his career offender status under 28 U.S.C. § 2255 and/or § 2244, pursuant to the Supreme Court's holdings in *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016). The deadline for such a filing may be as early as June 26, 2016.

**IT IS SO ORDERED.**

                                        s/ Cameron McGowan Currie
                                        CAMERON MCGOWAN CURRIE
                                        Senior United States District Judge

Columbia, South Carolina
May 18, 2016